2002 OK CIV APP 130

**In the Matter of J.K., an alleged deprived child.**

**State of Oklahoma, Appellee,**

v.

**Lawrence Kirkpatrick, Appellant.**

**No. 96,093.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 12, 2002.

L. Wayne Woodyard, Pawhuska, OK, for Appellant.

Keith Sims, Assistant District Attorney, Pawhuska, OK, for Appellee.

**OPINION**

CARL B. JONES, Judge:

¶ 1 In the related case, *In the Matter of T.M.*, 2002 OK CIV APP 129, 62 P.3d 802 (2002) handed down on this day, the trial court's order terminating the parental rights of Lawrence Kirkpatrick (Father) to T.M., the sibling of J.K. (Child), was affirmed. This Court found the trial court's termination order as to T.M. was supported by clear and convincing evidence. For the same reasons set forth in Appeal No. 96,092 and as partially reiterated hereinafter, this Court affirms the trial court's order terminating Father's parental rights to Child.

¶ 2 On June 17, 1996, the State of Oklahoma (State) filed a petition to have Child adjudicated deprived on the grounds of environmental neglect and alleged sexual abuse by Father against Child's sibling, T.M. Earlier on March 6, 1996, the State had filed a petition in Case No. JF–96–15 *In the Matter of T.M.* to have T.M. adjudicated deprived on the grounds that Father placed his mouth upon T.M.'s privates and mother failed to protect T.M. After a trial in Case No. JF–96–15, held July 19 and 20, 1996, the jury returned a verdict finding T.M. was deprived.

The trial court entered its order of adjudication and no appeal was taken from that order. Thereafter, Father stipulated to the facts presented at the jury trial in Case No. JF–96–15; and, as a result, the trial court entered its order adjudicating Child as deprived based on the facts alleged in the petition. Father did not appeal that order.

¶ 3 On August 7, 1996, the trial court entered a disposition order and adopted a six point treatment plan applicable in both Case No. JF–96–15 and this case.[1] The treatment plan was thereafter amended to incorporate the following three points recommended in a psychological evaluation of Father: Father was required to 1) successfully attend and complete an offenders group and follow all recommendations made by the individual conducting the group; the individual must be a licensed professional specializing in offenders groups; 2) successfully attend and complete individual counseling by a licensed psychologist; and 3) pay child support as assessed by the court.

¶ 4 On October 16, 1998, Father sought modification of the treatment plan in Case No. JF–96–15 to remove the condition that he attend counseling classes for offenders because he denied he sexually molested T.M. and he refused to admit he committed any sexual abuse as required by the offenders classes; therefore, he would not be credited with completing the counseling and could be subjected to a motion to terminate his parental rights. Father's motion to modify was denied on October 10, 1999.

¶ 5 On October 27, 1999, State filed a motion in Case No. JF–96–15 and the instant case to terminate Father's parental rights to both T.M. and Child. The motions alleged Father failed, refused and neglected to perform the conditions ordered by the court and Father failed to show the conditions which led to T.M.'s and Child's deprived adjudica-

tion had been corrected even though Father was given in excess of three (3) months to correct the conditions. The State also urged termination was in both children's best interests. Thereafter, the mother's parental rights to both T.M. and Child were terminated; however, the mother's parental rights are not at issue here.

¶ 6 The two cases were consolidated for trial by agreement and the trial court took judicial notice of all pleadings and other matters contained in both case files. A non-jury trial was conducted on December 5, 2000, January 8, 2001 and February 26, 2001. Evidence revealed Father did not complete the requirements for individual counseling and the offenders group therapy. On February 26, 2001, the trial court found the primary condition which led to Child's deprived adjudication was Father's sexual abuse of her sibling, T.M., and Father's refusal to complete the requirements for offenders group therapy and individual counseling was clear and convincing evidence that Father failed to correct the conditions which led to both T.M.'s and Child's deprived adjudication. The trial court also found it was in both T.M.'s and Child's best interests to terminate Father's parental rights because evidence revealed the children have not bonded with and do not desire to see Father.

¶ 7 On appeal, Father urges the trial court's termination order is not supported by clear and convincing evidence.

¶ 8 In proceedings to terminate parental rights, the paramount consideration is the health, safety, welfare and best interests of the child. 10 O.S. Supp.1998 § 7006–1.1(A). The presumption is that a child's best interest lies in preserving family integrity; thus, the State must show the elements required for the termination of parental rights under § 7006 1.1(A)[2] with clear and convincing evi-

---

1. The treatment plan required Father to: 1) cooperate with the case worker assigned to the case; 2) maintain a home suitable for the rearing of Child; 3) demonstrate income which is sufficient for the rearing of said child and for taking care of Father; 4) not use, abuse or be in possession of any liquor, wine, beer or dangerous drugs or go around places where these items are kept or sold; 5) not use, abuse or be in possession of prescriptive drugs for which they do not have a

prescription; and 6) obtain and complete any counseling as recommended by the Department of Human Services (DHS) and provide reports as required which show satisfactory progress in the counseling program to the DHS case worker.

2. A court may terminate the rights of a parent to a child pursuant to 10 O.S. Supp.1998 § 7006–1.1(A)(5) upon a finding that: (a) the child has been adjudicated to be deprived, and (b) such

dence. *In re K.C.*, 2002 OK CIV APP 58, ¶ 5, 46 P.3d 1289, 1291. The burden of persuasion then shifts to the parent to show conditions have changed and have been corrected since the deprived child adjudication. *In re T.M.*, 2000 OK CIV APP 65, ¶ 18, 6 P.3d 1087, 1094.

■ ¶ 9 In order to affirm the trial court's findings in its termination order, "appellate review in a parental-bond-severance proceeding must demonstrate the presence of clear-and-convincing evidence to support the first-instance decision." *In the Matter of S.B.C.*, 2002 OK 83, ¶ 7, 64 P.3d 1080, ¶ 7. Previously, the legal standard of appellate review applied by this Court when reviewing the findings of a trial court sitting without a jury was whether there is any competent evidence reasonably tending to support the trial court's findings, and if so, this Court will not disturb the trial court's judgment terminating parental rights. See *Bradley v. Clark*, 1990 OK 73, ¶ 3, 804 P.2d 425, 427 (In a common-law case where the jury is waived, the trial judge's determination of the facts bears the force of a verdict rendered by a well-instructed jury. It must be affirmed if supported by any competent evidence.) Granted, the State has the burden to prove that termination is in the best interests of the child by clear and convincing evidence. *In re T.M.*, 2000 OK CIV APP 65 at ¶ 18, 6 P.3d at 1094. However, the ruling in *In the Matter of S.B.C.*, *supra*, now requires this Court to serve as the 13th juror to re-weigh the evidence and determine again whether there was clear and convincing evidence—a task which is difficult to undertake when faced only with the printed words of the cold appellate record.

■ ¶ 10 This Court has examined the evidence before the trial court in both Case No. 96,092 and the instant case and determines the trial court's findings that Father failed to correct the conditions which led to the deprived child adjudication are supported by clear and convincing evidence.

¶ 11 Father admits he did not comply with the treatment plan's requirements that he obtain offenders therapy and individual counseling, but urges he substantially complied with the valid conditions imposed upon him by the treatment plan; therefore, the State failed to show with clear and convincing evidence that his parental rights to Child should be terminated. Father supported his contention by urging: 1) the condition that he obtain offenders therapy never became operative and was not valid; 2) he was unable to comply with the offenders therapy and individual counseling because he would have to admit to his guilt; waive his constitutional right to remain silent under the 5th Amendment of the United States Constitution; and subject himself to criminal prosecution; 3) since he substantially complied with the treatment plan requirements, his failure to complete the offenders therapy is not evidence of failure to complete the imposed conditions; 4) his failure to obtain individual therapy does not support termination of his parental rights because he had no notice of the specific individual counseling he was re-

condition is caused by or contributed to by acts or omissions of the parent, and (c) termination of parental rights is in the best interests of the child, and (d) the parent has failed to show that the condition which led to the adjudication of a child deprived has been corrected although the parent has been given not less than three (3) months to correct the condition. Pursuant to § 7006–1.1(A)(10), a court may terminate the rights of a parent to a child upon a finding in a deprived child action either that: (a) the parent has physically or sexually abused the child or a sibling of such child or failed to protect the child or a sibling of such child from physical or sexual abuse that is heinous or shocking to the court, (b) the child or sibling of such child has suffered severe harm or injury as a result of such physical or sexual abuse, (c) the parent has physically or sexually abused the child or a sibling of such child or failed to protect the child or a sibling of such child from physical or sexual abuse subsequent to a previous finding that such parent has physically or sexually abused the child or a sibling of such child or failed to protect the child or a sibling or such child from physical or sexual abuse, (d) the child has been adjudicated a deprived child, pursuant to the provisions of the Oklahoma Children's Code, as a result of a single incident of severe sexual abuse, severe neglect or the infliction of serious bodily injury or torture to the child, a sibling of the child, or a child within the household where the child resides, by the parent of the child, or (e) the parent has inflicted chronic abuse, chronic neglect or torture on the child, a sibling of the child or another child within the household where the child resides.

quired to obtain; and 5) he was denied the opportunity to comply with the treatment plan requirements due to actions by DHS.

¶ 12 These very same propositions were urged by Father in Case No. 96,092. For the same reasons announced in Case No. 96,092, this Court rejects Father's propositions of error and finds the trial court's determination that Father failed to correct the conditions which led to J.K.'s deprived child adjudication is supported by clear and convincing evidence. Accordingly, the judgment of the trial court terminating Father's parental rights to Child is affirmed.

¶ 13 AFFIRMED.

JOPLIN, V.C.J., and BUETTNER, J., concur.